UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BYRON BURTON NEVIUS,
    Petitioner

v.

UNITED STATES,
    Respondent

Misc. Action No. 16-650 (CKK)

**ORDER**
(June 6, 2016)

    Through this case, Petitioner Byron Burton Nevius seeks to quash two summonses issued by the Internal Revenue Service ("IRS"), the first to First National Bank of Omaha (1620 Dodge Street Stop Code 68197 Omaha, NE 68197) and the second to PNC Bank (4100 West 150 St., Attn: Records Department, Cleveland, OH 44135). Each summons requires the respective bank to appear before an IRS official at a specified date and time. On April 7, 2016, this Court issued an Order to Show Cause, noting that it appeared that this Court has *no jurisdiction* over this case *to the extent* that Petitioner seeks to quash the IRS summons issued to First National Bank of Omaha. The Court ordered Plaintiff to show cause, by no later than April 29, 2016, why this Court should not dismiss, for lack of subject matter jurisdiction, the claims in the petition regarding the First National Bank of Omaha summons. Petitioner filed a response captioned "Memorandum on Motion to Show Cause, and Memorandum on Motion to Transfer this Case to the United States Court of Federal Claims," ECF No. 3. The United States opposed the motion to transfer, ECF No. 6, and Petitioner filed a reply in support.

    With respect to the motion to transfer, there is no basis for the transfer to the Court of Federal Claims. The limited jurisdiction of the Court of Federal Claims does not encompass the Petition to Quash an IRS summons that is the purported basis for this action. *See* 28 U.S.C. § 1491(a). Rather, as the Court noted previously, *see* ECF No. 2, Congress has established subject matter jurisdiction over petitions to quash an IRS summons in "[t]he United States district court for the district within which the person to be summoned resides or is found." 26 U.S.C. § 7609(h)(2); *see id.* § 7609(b)(2) (providing for proceedings to quash). In short, Plaintiff has identified no basis for this Court to transfer the case to the Court of Federal Claims. Accordingly, the Motion to Transfer is **DENIED**.

    With respect to the Court's Order to Show Cause, Petitioner has established no basis for subject matter jurisdiction over the Petition to Quash the summons issued to First National Bank of Omaha. As the Court noted previously, district courts *outside of the district* where the person summoned "resides or is found" have no jurisdiction over such

petitions to quash. *See McCammon v. United States*, 569 F. Supp. 2d 78, 81 (D.D.C. 2008) (citing cases). Plaintiff has not identified any factual basis to conclude that First National Bank of Omaha resides or is found in the District of Columbia, and the Court has not identified any such basis. Accordingly, the Court **DISMISSES** the Petition to Quash, insofar as it seeks to quash the summons issued to First National Bank of Omaha.

\* \* \*

Accordingly, it is hereby **ORDERED** that Petitioner's [4] Motion to Transfer is **DENIED**.

It is further **ORDERED** that the Petition to Quash the summons issued to *First National Bank of Omaha* is dismissed for lack of subject matter jurisdiction.

It is further **ORDERED** that Defendant shall respond to the Petition to Quash with respect to the summons issued to PNC Bank by no later than **July 8, 2016**.

The Clerk of the Court shall send a copy of this Order to Petitioner's address of record.

**SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　COLLEEN KOLLAR-KOTELLY
　　　　　　　　　　　　　　　　　　United States District Judge