BYRON BURTON NEVIUS,
   *Petitioner*,

v.

UNITED STATES,
   *Respondent*.

Misc. Action No. 16-650 (CKK)

# MEMORANDUM OPINION
(June 27, 2017)

Presently before the Court is Respondent's [9] Motion to Dismiss the Petition, which seeks dismissal of Respondent's [1] Petition to Quash. Because Respondent's [9] Motion relied on materials outside of the pleadings, the Court converted it to a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, as provided for by Federal Rule of Civil Procedure 12(d). In so doing, the Court provided notice to the parties and an opportunity to supplement their briefing in light of the conversion by submitting additional pleadings. May 31, 2017 Order, ECF No. 13 (citing *Taylor v. FDIC*, 132 F.3d 753, 765 (D.C. Cir. 1997)).

The [1] Petition to Quash relates to two administrative summonses issued by the Internal Revenue Service ("IRS"). As to the first of these summonses, issued to the First National Bank of Omaha, the Petition was dismissed for lack of subject-matter jurisdiction because Plaintiff had "not identified any factual basis to conclude that First National Bank of Omaha resides or is found in the District of Columbia, and the Court has not identified any such basis." June 6, 2016 Order, ECF No. 8. This leaves the Summons at issue in this Memorandum Opinion, which was issued by the IRS to PNC Bank on March 23, 2016, and sought records in relation to an investigation being conducted by the IRS into

Petitioner's tax liability from 2010 to 2014 (the "Summons"). Decl. of Michelle Ellis, ¶¶ 2–3.

Upon consideration of the pleadings, as supplemented, the relevant legal authorities, and the record for purposes of the pending summary judgment motion,[1] the Court **GRANTS** Respondent's [9] Motion and **DENIES** the [1] Petition to Quash Summons. This matter is **DISMISSED WITH PREJUDICE**.

## I. LEGAL STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).[2] The mere existence of some factual dispute is insufficient on its own to bar summary judgment; the dispute must pertain to a "material" fact. *Id.* Accordingly, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Nor may summary judgment be avoided based on just any disagreement as to the relevant facts; the dispute must be "genuine," meaning that

---

[1] The Court's consideration has focused on the following documents:

- Pet. to Quash Summons, ECF No 1;
- United States' Mot. to Dismiss the Pet., ECF No. 9;
- Decl. of Michelle Ellis, ECF No. 9-3;
- Mot. in Opp. to Summ J. and Mot. to Transfer this Case to the United States Court of Federal Claims, ECF No. 11;
- Reply in Supp. of Mot. to Dismiss, ECF No. 12;
- Supp. Brief for Summ. J, ECF No. 14.

[2] As the Court disposes of this matter on a motion for summary judgment, the Court does not present the legal standard for a motion to dismiss.

there must be sufficient admissible evidence for a reasonable trier of fact to find for the non-movant. *Id.*

In order to establish that a fact is or cannot be genuinely disputed, a party must (a) cite to specific parts of the record—including deposition testimony, documentary evidence, affidavits or declarations, or other competent evidence—in support of its position, or (b) demonstrate that the materials relied upon by the opposing party do not actually establish the absence or presence of a genuine dispute. Fed. R. Civ. P. 56(c)(1). Conclusory assertions offered without any factual basis in the record cannot create a genuine dispute sufficient to survive summary judgment. *See Ass'n of Flight Attendants-CWA, AFL-CIO v. Dep't of Transp.*, 564 F.3d 462, 465-66 (D.C. Cir. 2009). Moreover, where "a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact," the district court may "consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e).

When faced with a motion for summary judgment, the district court may not make credibility determinations or weigh the evidence; instead, the evidence must be analyzed in the light most favorable to the non-movant, with all justifiable inferences drawn in his favor. *Liberty Lobby*, 477 U.S. at 255. If material facts are genuinely in dispute, or undisputed facts are susceptible to divergent yet justifiable inferences, summary judgment is inappropriate. *Moore v. Hartman*, 571 F.3d 62, 66 (D.C. Cir. 2009). In the end, the district court's task is to determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Liberty Lobby*, 477 U.S. at 251–52. In this regard, the non-movant must "do more than simply show that there is some metaphysical doubt as to

the material facts," *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Liberty Lobby*, 477 U.S. at 249–50 (internal citations omitted).

## II. DISCUSSION

For an IRS administrative summons to be enforceable, the Government must establish a "a prima facie case by showing: (1) the investigation will be conducted pursuant to a legitimate purpose; (2) the inquiry may be relevant to the purpose; (3) the information sought is not already within the IRS's possession; and (4) in issuing the summons the administrative steps required by the tax Code have been followed by the IRS." *United States v. Judicial Watch, Inc.*, 371 F.3d 824, 829 (D.C. Cir. 2004) (internal quotation marks and alterations omitted) (citing *United States v. Powell*, 379 U.S. 48, 57–58 (1964)). These are commonly referred to as the *Powell* factors. In this respect, the "initial burden" on the IRS "is a slight one, for the statute must be read broadly in order to ensure that the enforcement powers of the IRS are not unduly restricted." *Id*. (internal quotation marks omitted).

In the usual case, "the IRS can satisfy that standard by submitting a simple affidavit from the investigating agent." *United States v. Clarke*, 134 S. Ct. 2361, 2367 (2014). According to the United States Supreme Court, "summons enforcement proceedings are to be summary in nature . . . and courts may ask only whether the IRS issued a summons in good faith, and must eschew any broader role of overseeing the IRS's determinations to investigate." *Id*. (internal quotation marks and alterations omitted). Once the IRS discharges its "slight burden," the obligation shifts to the taxpayer to "disprove the actual

existence of a valid civil tax determination or collection purpose by showing the enforcement of the summons would be an abuse of the court's process." *Judicial Watch, Inc.*, 371 F.3d at 829 (internal quotation marks omitted). Such an abuse could occur, for example, if the summons was issued for an "improper purpose, such as to harass the taxpayer." *Id*.

Here, the Government has submitted a declaration of the IRS Revenue Agent conducting an investigation of Petitioner's tax liability from 2010 through 2014. Decl. of Michelle Ellis, ¶¶ 1–2. This declaration suffices to meet the Government's burden with respect to each of the *Powell* factors.[3] The declaration indicates that the Summons was issued to PNC Bank in order to obtain books, papers, records, or other data that is necessary to properly investigate Petitioner's tax liability. *Id*. ¶¶ 3, 10. Accordingly, as to the first *Powell* factor, the investigation is being conducted for a legitimate purpose (i.e., assessing Petitioner's tax liability), and as to the second *Powell* factor, the summons seeks information that may be relevant to that purpose. This accords with the statutory basis for the Government's subpoena power in this case, which states that a summons may be issued for "determining the liability of any person for any internal revenue tax . . . ." 26 U.S.C. § 7602(a).

The declaration also represents that the materials sought by the Summons "are not already in the possession of the [IRS,]" thereby satisfying the third *Powell* factor, and that "[a]ll administrative steps required by the Internal Revenue Code for issuance of a summons have been taken[,]" thereby satisfying the fourth *Powell* factor. *Id*. ¶¶ 7–8. This

---

[3] Petitioner challenges the veracity of various representation in this declaration, but offers no evidence in support of his contentions. *See* Supplemental Brief for Summ. J., at 9. As already stated, the Court may rely upon the declaration of the examining IRS agent.

last point is further evidenced by the face of the subpoena, which indicates that it was authorized and signed by the Revenue Agent's supervisor, as required by Internal Revenue Manual section 25.5.1.3.3; the Government's representation that no Justice Department referral is in effect with respect to Petitioner, as required by 26 U.S.C. § 7602(d); and the Government's representation that appropriate notice of the Summons was provided to Petitioner, as required by 26 U.S.C. § 7609(a). Decl. of Michelle Ellis, ¶¶ 5, 9; ECF No. 9-3, at 5. Accordingly, the Government has met its burden with respect to all of the *Powell* factors.

Although Petitioner has submitted voluminous briefs, both before and after the Court converted the pending motion to one for summary judgment, he has failed to provide the Court with any credible evidence that could impugn the Government's motives behind issuing the Summons, and to thereby suggest that the Summons was issued without good faith, or for some improper purpose. Rather, Petitioner primarily seems to contend that he is not subject to federal taxation, because he is either not a citizen of the United States (but rather a citizen of the state of Missouri), or because federal taxation does not extend to the state of Missouri. The Court shall not countenance these arguments, which have been routinely rejected, and in any event, Plaintiff's contentions do nothing to dislodge the conclusion that the Government has established that it acted in good faith and that there was a proper investigatory purpose for issuing the Summons. *See Maxwell v. O'Neill*, No. CIV.A.00-01953 (HHK), 2002 WL 31367754, at *7 (D.D.C. Sept. 12, 2002) ("courts have readily dismissed [tax protest claims] as frivolous"); Order, *Nevius v. Internal Revenue Serv.*, No. 13-cv-4228 (W.D. Mo. April 24, 2014) (ECF No. 39) (finding that Petitioner's challenge to an earlier summons issued to PNC Bank "consist[ed] of nothing more than

tired, tax protestor rhetoric that has been consistently rejected for reasons that have been clearly and repeatedly articulated and thus merit no recitation here") (collecting cases). To the extent Petitioner challenges the jurisdiction of this Court, that argument is foreclosed by statute. *See* 26 U.S.C. § 7609(h)(2). Furthermore, the Court has already denied Petitioner's unfounded request to transfer this matter to the Court of Federal Claims. June 6, 2016 Order, ECF No. 8.

Accordingly, the Court concludes that the Summons may be enforced, and that no further proceedings in this matter are warranted, as Plaintiff has failed to bring to the Court's attention, despite multiple opportunities to do so, any "specific facts or circumstances plausibly raising an inference of bad faith." *Clarke*, 134 S. Ct. at 2367.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Respondent's [9] Motion, and **DENIES** the [1] Petition to Quash. Summary judgment is entered in favor of Respondent, and this matter is **DISMISSED WITH PREJUDICE**.

An appropriate Order accompanies this Memorandum Opinion.

Dated: June 27, 2017

                                                      /s/
                                            COLLEEN KOLLAR-KOTELLY
                                            United States District Judge